UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**              **CASE NO. 3:07-CR-30034**

**VERSUS**                                **JUDGE ROBERT G. JAMES**

**ROBERT LEE THOMPSON, JR. (01)**         **MAGISTRATE JUDGE HAYES**

## RULING

On July 23, 2019, the Court issued a Ruling finding Defendant Robert Lee Thompson, Jr. is eligible for a sentence reduction pursuant to Section 404 of the First Step Act of 2018. [Doc. No. 57]. Pursuant to the Court's directives, counsel have submitted sentencing memoranda supporting each of their respective positions as to the appropriate amount of any reduction. The Court has reviewed the plea agreement [Doc. No. 27], the original judgment [Doc. No. 34], the transcripts of the plea and sentencing hearings [Doc. Nos. 44, 45], the Presentence Investigation Report ("PSR"), the Addendum thereto submitted by the Office of Probation in connection with the motion for reduced sentence, and counsel's sentencing memoranda [Doc. Nos. 58, 59]. For the reasons set forth herein, the Court will GRANT the motion as follows: Thompson's sentence of imprisonment will be REDUCED to fifteen years, and his term of supervised release will be REDUCED to eight years.

As set forth in the Court's prior Ruling, pursuant to the First Step Act, Thompson is now subject to a statutory sentencing range of ten years to life imprisonment and a term of supervised release of at least eight years. [Doc. No. 57 at 13]. Thompson's advisory

guideline range is 120 to 121 months. Thompson has served approximately twelve years of his sentence.

Defense counsel argues a sentence of time served is appropriate, noting Thompson has "overserved his current guideline range of 120 to 121 months," and further noting Thompson's original sentence was a guideline sentence. [Doc. No. 51-1 at 5-6] The defense argues if Thompson were charged today, he would not be subject to the enhanced penalty provision of 21 U.S.C. § 841, because his prior conviction does not qualify as a "serious drug felony" under current law. Thus, Thompson's statutory sentencing range under the facts set forth in the indictment would be five to forty years. [Doc. No. 59 at 2-3]. The defense further notes even if the government were to charge Thompson under § 841(b)(1)(A), "his mandatory minimum would still be 120 months under current law." *Id.* at 3. Counsel concludes, "Thompson was involved in the non-violent distribution of crack cocaine in 2007. The offense did not involve the use of any weapons. Thompson did not involve anyone else in his drug dealing. Thompson pled guilty and accepted responsibility for his actions." *Id.* at 4.

The government argues the Court should exercise its discretion and impose no reduction to Thompson's sentence. [Doc. No. 58 at 1]. According to the government, the offense conduct establishes Thompson "was involved in major crack trafficking in two states." *Id.* at 4. The government contends Thompson's two prior convictions for possession of marijuana, coupled with the multiple charges pending against him at the time of his original sentencing – some of which included "violent offenses across multiple

jurisdictions" – counsels against any reduction of sentence.[1] *Id.* at 3-4. Finally, the government argues maintaining Thompson's original sentence of twenty years will provide just punishment, ensure "that the Jonesboro community is safe from his crack trafficking operations," and avoid a disparity with similarly situated defendants "sentenced according to the Fair Sentencing Act of 2010." *Id.* at 4-5.

When determining an appropriate sentence for an individual defendant, courts are to consider: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; "the kinds of sentences available"; the Sentencing Guidelines; any relevant policy statements issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities"; and "the need to provide restitution to any victims." 18 U.S.C. § 3553(a).

After considering the underlying record, the briefing submitted in connection with this motion, and the section 3553(a) factors, the Court concludes a sentence of fifteen years imprisonment is "sufficient, but not greater than necessary, to comply with the purposes"

---

[1] At the time of sentencing, Thompson had the following charges pending against him: resisting, disturbing the peace, driving under suspension, aggravated assault, second degree battery, simple battery, aggravated flight, possession of marijuana, driving under suspension, disturbing the peace by language, resisting by violence, and aggravated kidnapping. [PSR at ¶¶ 42-50].

of sentencing. *Id.* at § 3553(a). The Court notes Thompson was on probation for felony possession of a controlled substance at the time of the offense conduct. [PSR at ¶ 11]. The Court further notes at the time of sentencing Thompson had a charge pending against him for aggravated kidnapping, which allegedly "involved Thompson planning to kidnap the father of a drug dealer that robbed him of $152,000 during a transaction." *Id.* While the Court recognizes the charges pending against Thompson at the time of sentencing are merely allegations of illegal conduct, nonetheless, the alleged conduct is troubling. Ordinarily the Court would be of the opinion that twelve years of incarceration would provide just punishment for offenses such as Thompson's, as well as adequate deterrence to future criminal conduct. Unfortunately, that does not appear to have happened yet with Thompson, as his post-sentencing conduct has not resulted in significant improvement. Thompson's disciplinary record with the Bureau of Prisons reflects the following incidents: indecent exposure, five incidents involving refusal to obey orders, two incidents involving possession of intoxicating beverages, possession of an unauthorized item, possession of drugs/alcohol, two incidents involving fighting with inmates, possession of tobacco, and possession of a cell phone.[2]

On the other hand, the Court commends Thompson's efforts at rehabilitation, as reflected in his education records while in BOP custody. The Court acknowledges those efforts by granting Thompson a five-year reduction to his term of imprisonment. The Court

---

[2] The first incident occurred approximately six months after Thompson went into BOP custody; the last occurred in February of 2018.

would encourage Thompson to doggedly continue in his efforts toward rehabilitation during the remainder of his term of incarceration, so that upon release he will be a productive, law-abiding member of his community.

For the reasons set forth herein,

IT IS HEREBY ORDERED that the Motion to Reduce Sentence [Doc. No. 51] is GRANTED as follows: the Court will issue an amended judgment reducing Thompson's term of incarceration to FIFTEEN (15) YEARS, and reducing his term of supervised release to EIGHT (8) YEARS, with all other provisions of the judgment issued on October 6, 2008[3] remaining in effect.

SIGNED this 1st day of August, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] *See* Doc. No. 34.